Dalbir Singh & Associates, P.C.
Dalbir Singh, Esq.
40 Wall Street, Floor 25,
New York, NY 10005
212-428-2000
advdalbir@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**

_____

**SATPAL SACHDEVA**
  *Petitioner,*

             Case No: 2:26-cv-0027

**v**

**ANDREA QUARANTILLO;**
**In her official capacity as the Field**   **PETITIONER'S SUPPLEMENTAL**
**Office Director, USCIS Long Island**  **BRIEF IN SUPPORT OF THE HABEAS**
**Field Office**           **CORPUS PETITION**

**JULIE ALMODOVAR**
**In her official capacity as the**
**New York Field Office Director,**
**U.S. Immigration & Customs**
**Enforcement;**

**KRISTI NOEM,**
**In her official capacity as Secretary, U.S.**
**Department of Homeland Security;**

**TODD M. LYONS,**
**In his official capacity as Acting Director**
**Of Immigration & Customs Enforcement;**
**and,**

**PAMELA BONDI,**
**In her official capacity as Attorney General,**
**U.S. Department of Justice,**
*Respondents.*

_____

## PRELIMINARY STATEMENT

This supplemental memorandum is submitted pursuant to the Court's January 21, 2026 Minute Entry following a Show Cause Hearing and Emergency Bail Hearing. After hearing argument from both parties, the Court ordered Petitioner's release from Immigration and Customs Enforcement ("ICE") custody subject to conditions, which have been executed. The Court further set a briefing schedule to permit full merits adjudication of the pending habeas petition. This supplemental brief demonstrates that conclusion is compelled by binding Second Circuit precedent and that habeas relief remains warranted notwithstanding Petitioner's conditional release.

Petitioner was arrested at a scheduled USCIS adjustment-of-status interview and detained based on DHS's unverified assertion that decades-old exclusion proceedings could be summarily "reinstated" under INA § 241(a)(5). At the time of arrest, no reinstatement order existed, DHS had not complied with its own regulations, and Petitioner was afforded no notice or opportunity to contest the legal basis for detention. Under settled Second Circuit law, detention imposed under these circumstances is unlawful.

## PROCEDURAL AND JURISDICTIONAL POSTURE

Petitioner filed his Petition for Writ of Habeas Corpus on January 16, 2026, while detained by ICE. The Court issued an Order to Show Cause and conducted a Show Cause and Emergency Bail Hearing on January 21, 2026. After argument by counsel, the Court ordered Petitioner released on surety subject to conditions and set a briefing schedule for merits review.

Because Petitioner was "in custody" at the time the Petition was filed, habeas jurisdiction attached at filing and is not defeated by subsequent release. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020).

**THE HABEAS PETITION IS NOT MOOT DESPITE CONDITIONAL RELEASE**

The Second Circuit has repeatedly held that immigration habeas petitions are not rendered moot by conditional release where the petitioner remains subject to restraints on liberty and the government continues to assert detention authority. *Velasco Lopez*, 978 F.3d at 846–47; *Doe v. Decker*, 967 F.3d 127, 134 (2d Cir. 2020).

Petitioner remains subject to conditions imposed by the Court and faces the ongoing threat of re-detention based on the same asserted statutory authority challenged in this action. He seeks declaratory and injunctive relief establishing that DHS lacks authority to detain him under INA § 241(a). Such relief remains available and meaningful notwithstanding release. *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004).

Permitting DHS to evade judicial review by temporarily releasing detainees after habeas jurisdiction has attached would insulate unlawful detention from scrutiny, a result the Second Circuit has expressly rejected. *Velasco Lopez*, 978 F.3d at 847.

**DHS LACKS STATUTORY AUTHORITY TO DETAIN PETITIONER UNDER INA § 241(a)**

Respondents assert detention authority under INA § 241(a), which applies only after the existence of a valid, final, and executable order of removal. Where the existence or validity of such an order is disputed, detention authority arises—if at all—under INA § 236. *Hechavarria v. Sessions*, 891 F.3d 49, 54–55 (2d Cir. 2018).

Here, DHS has never produced a reinstatement order, warrant of removal, or contemporaneous determination establishing that any prior order was lawfully reinstated before detention commenced. Instead, DHS arrested Petitioner first and attempted to assemble a legal justification afterward. Respondents produced an arrest warrant *after* Petitioner was detained and

restrained. Moreover, one glance at the arrest warrant is enough to know that Respondents scrambled to get it, and they could not in time execute it effectively. *See* Exhibit A, Arrest Warrant. Particularly worth noticing is that the fields on the arrest warrant indicating cause of the arrest, are blank. The Certificate of Service is also entirely blank. The warrant is additionally not signed by a Judge or a person of authority authorized to execute such warrant and arrest an individual. The document, although e-signed, indicates that the signature was affixed on January 15, 2026, the day of the Petitioner's arrest. This inversion of process is inconsistent with the statutory scheme and Second Circuit precedent. *Id.*; *Velasco Lopez*, 978 F.3d at 852–53.

Absent a valid reinstated order, detention under § 241 is ultra vires. Detention under § 236, by contrast, requires individualized justification and does not authorize automatic or indefinite confinement. *Velasco Lopez*, 978 F.3d at 852.

## PRE-IIRIRA EXCLUSION PROCEEDINGS CANNOT BE SUMMARILY "REINSTATED"

Even assuming arguendo that exclusion proceedings once existed, pre-IIRIRA exclusion orders are not equivalent to modern removal orders. Exclusion proceedings governed applicants for admission and were historically extinguished upon departure from the United States. They were not intended to operate as perpetual enforcement mechanisms decades later.

Reinstatement under INA § 241(a)(5) is a "harsh procedure" that must be narrowly construed. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). DHS bears the burden of establishing that a qualifying prior order exists and that all statutory predicates are satisfied. Unsupported administrative assertions are insufficient to deprive a person of liberty.

Respondents may attempt to rely on *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006), to argue that INA § 241(a)(5) permits reinstatement of prior orders regardless of their age or

procedural posture. That reliance would be misplaced. *Fernandez-Vargas* addressed only whether § 241(a)(5) could apply retroactively to a concededly executed deportation order where the statutory predicates for reinstatement were undisputed. It did not authorize DHS to revive unexecuted exclusion proceedings, dispense with mandatory regulatory procedures, or detain an individual absent a valid reinstatement determination. Nor did it abrogate the Second Circuit's rule that detention under § 241 attaches only upon the existence of a valid, final, and executable order of removal. *Hechavarria*, 891 F.3d at 54–55.

Interpreting § 241 to permit revival of unexecuted exclusion proceedings without notice or verification would raise serious constitutional concerns and must be rejected. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

**DHS VIOLATED ITS OWN REINSTATEMENT REGULATIONS**

Even where reinstatement authority exists, DHS must comply with its own regulations. Under 8 C.F.R. § 241.8, DHS must verify the prior order, confirm identity, determine removability, and provide written notice affording an opportunity to contest reinstatement.

The Second Circuit has long held that agency action taken in violation of binding regulations is invalid. *Montilla v. INS*, 926 F.2d 162, 169 (2d Cir. 1991); *Waldron v. INS*, 17 F.3d 511, 518 (2d Cir. 1994). This principle applies especially where liberty is at stake. DHS concedes that it did not possess Petitioner's complete A-file at the time of arrest and continued to gather records after detention occurred. Arresting and detaining Petitioner before completing mandatory reinstatement procedures violates *Accardi* principles and renders the detention unlawful.

**PETITIONER'S ARREST AT A USCIS INTERVIEW VIOLATED DUE PROCESS**

The Fifth Amendment applies fully to immigration detention. *Zadvydas*, 533 U.S. at 690. At minimum, due process requires notice and an opportunity to be heard before liberty is restrained. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Petitioner appeared at a USCIS adjustment-of-status interview pursuant to a government summons. He was arrested without notice, without service of any reinstatement order, and without an opportunity to contest the legal basis for detention. The government may not induce compliance with a benefits process and then convert that appearance into a mechanism for summary detention without procedural safeguards. Courts in this Circuit have condemned enforcement practices that undermine fundamental fairness and due process. *Ragbir v. Homan*, 923 F.3d 53, 64–66 (2d Cir. 2019).

**CONTINUED OR REIMPOSED DETENTION WOULD VIOLATE DUE PROCESS**

Even where detention is statutorily authorized, due process imposes substantive limits. Prolonged or unnecessary detention without adequate justification violates the Fifth Amendment. *Velasco Lopez*, 978 F.3d at 852; *Doe v. Decker*, 967 F.3d at 140.

The Court has already determined that detention was unnecessary and ordered release subject to conditions. Nothing in the record supports re-detention. Petitioner poses no danger, and any flight-risk concerns are fully addressed by conditions of release. Re-detaining Petitioner based on the same defective statutory premise would be arbitrary, punitive, and unconstitutional.

**RELIEF REQUESTED**

Petitioner respectfully requests that the Court:

1. Declare that Respondents lacked statutory authority to detain Petitioner under INA § 241(a);

2. Declare that Petitioner's arrest and detention violated the INA, DHS regulations, and the Fifth Amendment;

3. Enjoin Respondents from re-detaining Petitioner absent lawful statutory authority and due process;

4. Enjoin Respondents from re-detaining Petitioner until the adjudication of his Adjustment of Status application ("application") is complete, irrespective of the outcome of this habeas corpus action

5. Should Petitioner's application be denied again, Respondents be enjoined to conduct a reasonable fear review, so that the Petitioner may be found eligible for withholding of removal, and Respondents be further ordered to process Petitioner through removal proceedings before the Executive Office for Immigration Review;

6. Grant such other and further relief as the Court deems just and proper.

**CONCLUSION**

The Court's emergency release order was legally compelled. Binding Second Circuit precedent confirms that Petitioner's detention was unlawful when imposed and would remain unlawful if reimposed. The Petition for Writ of Habeas Corpus should therefore be granted.

Dated: February 11, 2026
New York, New York

Respectfully Submitted,

/s/ Dalbir Singh

Dalbir Singh & Associates, P.C.
Dalbir Singh, Esq.
40 Wall Street, Floor 25,
New York, NY 10005
212-428-2000
Advdalbir@gmail.com