UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SATPAL SACHDEVA,

                     Petitioner,                     Civil Action No.
                                             26-cv-276 (GRB)

     v.

ANDREA QUARANTILLO,                       **DECLARATION OF**
In her official capacity as the Long Island Field     **SUPERVISORY DETENTION**
Office Director, U.S. Citizenship & Immigration Services;  **AND DEPORTATION OFFICER**
                                             **KHRISTOPHER DAWSON**

JUDITH ALMODOVAR,
In her official capacity as the New York Field Office,
Director, U.S. Immigration & Customs Enforcement;

KRISTI NOEM,
Secretary, U.S. Department of Homeland Security;

TODD M. LYONS,
Acting Director, U.S. Immigration and Customs
Enforcement; and

PAMELA BONDI,
U.S. Attorney General,

                    Respondents.
-----------------------------------------------------------------x

Pursuant to 28 U.S.C. § 1746, I, Khristopher Dawson, declare under penalty of perjury that the following is true and correct:

1.      I am a Supervisory Detention and Deportation Officer (SDDO) with U.S. Immigration and Customs Enforcement ("ICE").  I have served in this capacity since October 2018.  As an SDDO, I supervise Deportation Officers, who manage the cases of aliens in immigration proceedings.  Once an alien is ordered removed from the United States, the Deportation Officers will facilitate the alien's removal by coordinating with the government of that alien's country of removal to obtain proper travel documents.  The following representations are based on my review of DHS records and databases maintained in the ordinary course of

1

business, including my review of DHS records for Petitioner Satpal Sachdeva a/k/a Sham Lal Sobino Ram Verma. ("Petitioner"), a citizen and national of India who has been assigned Alien Number 072-159-036, consultation with my colleagues, and my personal knowledge.

2.     I submit this Declaration in support of Respondents' Memorandum of Law in Response to the Court's Order to Show Cause Why the Petition for a Writ of Habeas Corpus Should Not Be Granted.

3.     On March 27, 1991, Petitioner was encountered at Los Angeles International Airport upon attempting to enter the United States using a fraudulent passport under the name of Sham Lal Sobino Ram Verma.  *See* Exh. A; Exh. B at pp. 1-2.  Petitioner was served with a Form I-122, Notice To Applicant For Admission Detained For Hearing Before Immigration Judge.  *See* Exh. A at p. 1; Exh. B at p. 2; Exh. C.

4.     On April 12, 1991, Petitioner executed an affidavit in which he admitted that he entered the United States using a false passport in the name of Sham Lal.  In that affidavit, Petitioner made the additional fraudulent statements that his real name is Sarjit Singh, born on July 14, 1968.  *See* Exh. B at p. 2; Exh. D at p. 2.

5.     On June 15, 1993, after failing to appear for his scheduled hearing, Petitioner was ordered excluded from the United States under alien number A070-059-348.  *See* Exh. E.  The order did not provide for a voluntary departure by Petitioner.  *See id.*

6.     On August 21, 1994, Petitioner was again encountered by Immigration Officials upon his unlawful entry to the United States, by way of a flight from India to John F. Kennedy Airport in New York, using another fraudulent document, *i.e.*, a counterfeit Form I-512, Advance Parole.  Petitioner reported his name as Satpal Sachdeva.  He was assigned alien number A072-159-036.  *See* Exh. B at p. 2; Exh. F; Exh. G; Exh. H.  It is unclear when Petitioner departed the

2

United States between his encounters entering the United States on March 27, 1991, and August 21, 1994, but there is no record of an agreement with ICE (or its predecessors) or an order from an Immigration Judge that would have allowed for a voluntary departure.

7.      On the same day, August 21, 1994, Petitioner was served with a Form I-122, Notice To Applicant For Admission Detained For Hearing Before Immigration Judge, and detained in Elizabeth, New Jersey pending a hearing before an Immigration Judge.  *See* Exh. B at p. 2; Exh. G; Exh. H at p. 1.

8.      On January 4, 1995, Petitioner was ordered excluded and deported from the United States.  *See* Exh. I.  On January 19, 1995, Petitioner was removed from the United States to India.  His removal was involuntary.  Immigration Officers retrieved Petitioner from the detention center in Elizabeth, New Jersey, escorted him to John F. Kennedy Airport in New York, and boarded him on a plane to India.  *See* Exh. J; Exh. K.  The instructions provided to the Immigration Officers who were tasked with removing Petitioner specifically noted that Petitioner was "LIKELY TO ABSCOND – USE CAUTION."  *See* Exh. J at p. 2.

9.      It was reported that, on January 8, 1996, Petitioner's first child was born in India to him and his first wife, Jaswinder Kaur ("Kaur").  *See* Exh. B at p. 2; Exh. L at p. 2.

10.      In or around 1996, Petitioner re-entered the United States at an unknown location without being admitted, inspected or paroled.  *See* Exh. M at p. 2.  Thereafter, he remained undetected in the United States for approximately half a decade until Petitioner's second wife, Maritza Figueroa ("Figueroa"), filed a Form I-130, Petition for Alien Relative, on his behalf, on or about April 17, 2001.  *See* Exh. N.  On or about April 17, 2001, Petitioner filed a Form I-485, Adjustment of Status Application, seeking Lawful Permanent Residence.  *See* Exh. B at p. 3; Exh. O at p. 1.

11. It was reported that Petitioner and his first wife, Kaur, were divorced on September 30, 1998. *See* Exh. L at p. 1. However, while allegedly married to Figueroa, and while Figueroa's I-130 petition on Petitioner's behalf was pending, Petitioner impregnated his ex-wife, Kaur, with their second child, who was born in the United States on September 30, 2002. *See* Exh. B at p. 2; Exh. L at p. 2.

12. On April 15, 2002, United States Citizenship and Immigration Services ("USCIS") denied Petitioner's application for adjustment of status because Petitioner again missed a scheduled interview. *See* Exh. B at p. 3; Exh. O. Petitioner and Figueroa subsequently divorced on May 19, 2004. *See* Exh. L at p. 1.

13. On February 15, 2011, Petitioner remarried Kaur, who, on September 26, 2016, filed another Form I-130, Petition for Alien Relative, on Petitioner's behalf. *See* Exh. L. On March 1, 2024, Petitioner filed a second Form I-485, Adjustment of Status Application, seeking an adjustment of status pursuant to INA § 245(i), and, on November 5, 2024, Petitioner filed a Form I-601, Application for Waiver of Inadmissibility. *See* Exh. B at p. 1; Exh. P.

14. On February 3, 2025, USCIS denied Petitioner's applications for Adjustment of Status and Waiver of Inadmissibility because of, *inter alia*, Petitioner's "disregard of the laws of the United States, and [his] history of fraud and willful misrepresentation[s]." *See* Exh. B at p. 4; Exh. P at p. 3. On April 30, 2025, Petitioner filed yet another Form I-485 application. *See* Exh. Q. This application is pending USCIS's decision.

15. On January 15, 2026, Petitioner was encountered at the offices of USCIS, in Holtsville, New York. *See* Exh. R at p. 2. ICE Officers identified themselves and requested identification from Petitioner. *See id.* Petitioner provided his Indian passport and confirmed his name, place of birth ("POB"), and date of birth ("DOB"). *See id.* An ICE records check

4

revealed that Petitioner was subject to removal.  *See id.*  Petitioner was then arrested pursuant to the January 4, 1995 final order of exclusion and deportation, which was the basis for the issuance of a Form I-205, Warrant of Removal/Deportation.  *See id.*; Exh. S at pp. 4-5.  He was transported that same day to ICE's intake office at Nassau County Correctional Center ("NCCC") for post-arrest processing and booked in at NCCC.  *See* Exh. R at p. 2.

16.    During processing, an ICE Officer confirmed Petitioner's identity; confirmed that "[o]n January 4, 1995[, Petitioner] was issued a final order of removal by an Immigration Judge," and "[o]n January 19, 1995 . . . was removed from the United States," and confirmed that "[o]n or about July 15, 1996," Petitioner "reentered the United States without being admitted, inspected or paroled by an Immigration Officer."  *See id.* at p. 2.  The ICE Officer determined that Petitioner would "be processed as reinstatement."  *See id.* at p. 3.

17.    Petitioner was provided with a Notice of Intent/Decision to Reinstate Prior Order (the "Notice of Reinstatement"), which notified Petitioner that ICE "intend[ed] to reinstate the order of [r]emoval entered against" him based on the determinations that he: 1) was "an alien subject to a prior order of deportation/exclusion/removal entered on January 4, 1995"; 2) was "identified as an alien who[] was removed on January 19, 1995 pursuant to an order of deportation/exclusion/removal"; and 3) "illegally reentered the United States on or about 3/27/1991 [sic]."  *See* Exh. S at p. 1.  The Notice of Reinstatement expressly provided that Petitioner could "contest th[e] determination by making a written or oral statement to an immigration officer" and that Petitioner did "**not** have a right to a hearing before an immigration judge."  *See id.*  The Notice of Reinstatement also contained a section titled, "Acknowledgement and Response," wherein the Petitioner could indicate if he "wish[ed] to make a statement contesting th[e] determination," however, Petitioner refused to sign the Acknowledgement and

Response.  *See id.*  In addition to receiving the Notice of Reinstatement, Petitioner was provided with an Online Detainee Locator System (ODLS) Privacy Notice; Form I-229(a), Warning for Failure to Depart, with accompanying list of things Petitioner was required to complete within 30 days; Warrant for Arrest of Alien; and a Warning to Alien Ordered Removed or Deported.  *See* Exh. R at p. 3; Exh. S at pp. 2-3, 6-7.  ICE detained Petitioner for the purpose of removing him.

18.    The next day, January 16, 2026, Petitioner was booked out of NCCC at approximately 8:33 a.m. and transported to Delaney Hall Detention Facility in New Jersey, where he remained until he was released on bond by Order of this Court on January 21, 2026.

I hereby declare under the penalty of perjury that the above statements are true and correct.

Executed at New York, New York
this 4th day of March 2026.

KHRISTOPHER J DAWSON
Digitally signed by KHRISTOPHER J DAWSON
Date: 2026.03.04 19:49:49 -05'00'

Khristopher Dawson
Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security