February 3, 2025

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
31-00 47th Avenue
5th Floor Room 5094
Long Island City, NY 11101



**U.S. Citizenship
and Immigration
Services**

DALBIR SINGH
40 WALL STREET
FLR 25
NEW YORK, NY 10005



IOE0924625584



A072-159-036

RE: SATPAL SACHDEVA
I-485, Application to Register Permanent Residence or
Adjust Status

<u>**NOTICE OF DECISION**</u>

Dear SATPAL SACHDEVA:

On March 1, 2024, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA), based on being the principal beneficiary of a family-based immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application.

To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8 Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On August 13, 2024, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible and inadmissible for the following reasons:

USCIS records indicate that you arrived in the U.S. without any documents on March 27, 1991, through the Los Angeles International Airport. Although at that time, you had no documents with you,

the representative of North...st Airlines provided U.S. immigration off.. .ls a copy of your passport (the copy was taken prior to boarding the aircraft.) A review of the passport copy revealed that it was issued to Sham Lal Sobino Ram Verna. The passport apparently contained your photo and a U.S. nonimmigrant visa. At that time, no statement was taken from you because there was no interpreter available, however, you were served with a Form I-122 (Notice to Applicant for Admission Detained for Hearing before Immigration Judge) to appear before the immigration judge.

On April 12, 1991, you executed an affidavit wherein you stated that you entered the U.S. on March 27, 1991 "carrying a false passport in the name of Shamlal". You additionally stated that your real name is Sarjit Singh born on July 14, 1968.

On June 15, 1993, the immigration judge ordered you excluded as you failed to appear for the scheduled court hearing.

It is apparent that the beneficiary subsequently left the U.S. because you married your spouse, Jaswinder Kaur in India on June 12, 1994

On August 21, 1994, you returned to the U.S. via a flight from India and at that time presented a valid Indian passport, Form I-688B (both issued under your current and presumably legal name, Satpal Sachdeva) and a counterfeit Form I-512 (Advance Parole).

You were again served with a Form I-122 and detained for a hearing before an immigration judge.

On January 4, 1995, the Immigration Judge ordered you excluded and deported from the United States. You departed the U.S. pursuant this order on January 19, 1995.

On January 8, 1996, your first child ███████████ was born in India to you and Ms. Kaur.

On or about September 1996, you entered the U.S. without inspection, admission or parole through an undisclosed location along the United States – Mexico border.

On September 30, 1998, you divorced Jaswinder Kaur (she initiated the divorce proceedings in India).

On April 5, 2001, you married Maritza Figueroa, a U.S. citizen

On April 19, 2001, Ms. Figueroa filed on your behalf a Form I-130 (Petition for Alien Relative) in order to classify you as an immediate relative of a U.S. citizen.

On September 30, 2002, your second child, ███████████ was born in the U.S. to you and Ms. Kaur.

On May 19, 2005, you and Ms. Figueroa divorced in New York.

On February 15, 2011, you remarried Jaswinder Kaur in a civil ceremony in New York.

An applicant adjusting under INA 245(a) must establish that he or she was inspected and admitted or inspected and paroled, and is not barred under INA 245(c). See 8 CFR 245.1(a) and (b). Our records indicate that your last entry to the United states was on or about September 1996 and that you were not admitted, inspected or paroled. Therefore, you are restricted from adjustment of status under INA 245(a).

However, pursuant to INA 245(i) and 8 CFR 245.10, certain applicants who entered or remained in the United States without authorization but for whom an immigrant visa is immediately available may be able to adjust status provided they submit a completed Supplement A to Form I-485 with the proper penalty fee (if required), and:

- Demonstrate that they are the beneficiary of a visa petition or application for labor certification filed after January 14, 1998, and on or before April 30, 2001. And also submit documentation

to establish physical presence in the United States on December __, 2000. **OR**

- Demonstrate that they are the beneficiary of a visa petition or application for labor certification filed on or before January 14, 1998.

A thorough review of your record reveals that the underlying "grandfathered" petition that you submitted to USCIS as a proof that you qualify to adjust status pursuant to INA 245(i) was not "approvable when filed", a term which is defined by regulations as (1) "properly filed", (2) "meritorious in fact" and (3) "non-frivolous".

As it was previously noted, on April 17, 2001, your former spouse, Maritza Figueroa, filed on your behalf a Form I-130 (Petition for Alien Relative) in order to classify you as an immediate relative of a U.S. citizen. This petition was filed concurrently with a Form I-485. On April 15, 2002, the legacy INS denied your Form I-485 because you failed to appear for a scheduled interview on April 11, 2002.

USCIS notes that at the time Ms. Figueroa filed the above-mentioned Form I-130, she did not submit any evidence of a bona fide marriage with you.

On August 26, 2024, subsequent to the review of your record, USCIS sent you a request for additional evidence wherein you were instructed to submit proof that the "grandfathering " Form I-130 (the petition filed by Maritza Figueroa) was "approvable when filed" which in turn is defined as meritorious in fact and non-frivolous.

On November 4, 2024, you submitted the following evidence in response to this request:

- A copy of redacted Form I-130 filed by Ms. Figueroa
- A copy of marriage certificate and license;
- 14 color photos;
- Joint ConEdison bills covering the period of time from May 2002 to December 2003.

After reviewing this evidence USCIS finds that you did not establish that this "grandfathered" petition, that you submitted to USCIS as the proof that you qualify to adjust status pursuant to INA 245(i), was "approvable when filed".

According to our records you were residing at 140-60 Beech Avenue, Apt 5O,Flushing, NY 11355 as early as April 8, 2002 [1] (this is the date that appears on your request to reschedule the interview with the legacy INS).

This is the same address that appears on your second child's birth certificate. It is evident that during your marriage with Ms. Figueroa, you, Jaswinder Kaur and your children were living together at 140-60 Beech Avenue, Apt 5O, Flushing, NY 11355. It is not credible that the petitioner, Maritza Figueroa, resided in the same apartment together with you, the mother of your children and your children.

As a result, the evidence that you submitted with your RFE was reviewed, however, it is given little documentary value. The 13 photos depict you and Ms. Figueroa. All photos were taken during the wedding ceremony and the subsequent celebratory dinner with two other unknown males, and as such do not reflect the duration of the marriage. One photo depicts a male in a store setting. The relevance of this photo is not known.

Finally, the joint ConEdison bills, which you claim prove that you and Ms. Figueroa were engaged in a bona fide marriage, are for the residence located at 140-60 Beech Avenue, Apt 5O, Flushing, NY 11355, and as it was previously noted, this is the same residence what you shared with Jaswinder Kaur and your children.

Noticeably missing from the submitted evidence is the affidavit from Mr. Figueroa, perhaps the best person to attest to the validity of the marriage. No explanation was given as to why such affidavit was not provided.

USCIS concludes that the submitted evidence is insufficient to establish that you and Mr. Figueroa entered into the marriage for the sole purpose of establishing life together. Accordingly, the "grandfathering" petition (Form I-130) filed by Maritza Figueroa cannot be considered "approvable when filed". See *Matter of Jara Riero and Jara Espinol.*

As it was explained above, "approvable when filed" means that as of the date of filing the immigrant petition, the qualifying petition or application was properly filed, meritorious in fact, and non-frivolous. The record establishes that the petition in question was properly filed by Maritza Figueroa (received by INS prior to the "sunset" date with the appropriate fee and signatures), however USCIS questions that it was "meritorious in fact".

In *Reiro*, BIA held that it is not enough to show merely that a marriage existed in order for a visa petition to be "meritorious in fact". The immigrant visa petition must be based on "a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties".

Therefore, you are not qualified to adjust status. See INA 245(i) and 8 CFR 245.10(a).

Furthermore, our records establish that you previously used different identities and entered the U.S. using fraudulent travel document.

An applicant for adjustment of status under INA 245(a) must establish that he or she is not subject to the INA 212(a)(6)(C)(i) inadmissibility ground relating to fraud and willful misrepresentation. Therefore, you are inadmissible to the United States. A waiver is available for this inadmissibility ground. See INA 212(a)(6)(C)(iii) and 212(i). You applied for a waiver of this inadmissibility ground on a Form I-601, Application for Waiver of Grounds of Inadmissibility, with receipt number MSC2590112020. However, we denied your Form I-601 in a decision dated February 3, 2025. Thus, you are not qualified to adjust status. See INA 212(a)(6)(C)(i) and INA 245(a)(2).

You have not established that you are eligible for adjustment under section 245 of the Immigration and Naturalization Act (INA). Therefore, we must deny your Form I-485.

Furthermore, the granting of adjustment of status to that of a lawful permanent resident is a discretionary benefit. See INA 245(a). Mere eligibility is not the only factor considered in adjustment of status. Adverse factors may preclude a favorable exercise of discretion by USCIS. An applicant must demonstrate eligibility for adjustment of status as a matter of law and in the exercise of discretion. Generally, favorable factors such as family ties, hardship, and length of residence in the United States can be considered in the favorable exercise of administrative discretion.

In your case, USCIS has determined that you are not eligible for adjustment of status as explained above. However, even assuming that you had established that you are eligible for adjustment, USCIS has also determined that your case presents significant adverse factors that show discretion should not be exercised in your favor.

USCIS notes that your case presents positive factors such as employment and immediate family in the U.S. However, not only these positive factors were acquired after you were deported and excluded but they also do not outweigh a significant number of serious adverse factors which show that discretion should not be exercised in your favor. These factors include continued disregard of the laws of the United States, and your history of fraud and willful misrepresentation, which is documented in this decision.

After careful review of all the facts, USCIS has determined that the favorable factors such as your

family ties do not warrant a favorable exercise of discretion in light of the extremely serious adverse factors. Thus, you have not met the burden of demonstrating to USCIS that you warrant a favorable exercise of discretion.

You have not established that you are eligible for adjustment under section 245 of the Immigration and Naturalization Act (INA). Therefore, we must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law.

You are not authorized to remain in the United States. If you do not intend to file a motion on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).



You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in Title 8 Code of Federal Regulations (8 CFR), section 103.5(a). You must file Form I-290B within 30 days of the date of this decision if the decision was served in person, or within 33 days if the decision was served by mailed. See Title 8 Code of Federal Regulations (8 CFR), sections 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Brian J. Meier
Field Office Director
**Endnotes**

1. *It is apparent that you started residing at this address as early as October 20, 1994, because you listed "140-60 Beech Avenue, Flushing, NY 11355" as your residential address on the Form I-589).*

February 3, 2025



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
31-00 47th Avenue
5th Floor Room 5094
Long Island City, NY 11101



**U.S. Citizenship and Immigration Services**

SATPAL SACHDEVA
40 WALL STREET
FLR 25
NEW YORK, NY 10005

IOE0924625584



RE: SATPAL SACHDEVA
I-485, Application to Register Permanent Residence or
Adjust Status

A072-159-036

## NOTICE OF DECISION

Dear SATPAL SACHDEVA:

On March 1, 2024, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA), based on being the principal beneficiary of a family-based immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application.

To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8 Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On August 13, 2024, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible and inadmissible for the following reasons:

USCIS records indicate that you arrived in the U.S. without any documents on March 27, 1991, through the Los Angeles International Airport. Although at that time, you had no documents with you,

the representative of Northwest Airlines provided U.S. immigration officials a copy of your passport (the copy was taken prior to boarding the aircraft.) A review of the passport copy revealed that it was issued to Sham Lal Sobino Ram Verna. The passport apparently contained your photo and a U.S. nonimmigrant visa. At that time, no statement was taken from you because there was no interpreter available, however, you were served with a Form I-122 (Notice to Applicant for Admission Detained for Hearing before Immigration Judge) to appear before the immigration judge.

On April 12, 1991, you executed an affidavit wherein you stated that you entered the U.S. on March 27, 1991 "carrying a false passport in the name of Shamlal". You additionally stated that your real name is Sarjit Singh born on July 14, 1968.

On June 15, 1993, the immigration judge ordered you excluded as you failed to appear for the scheduled court hearing.

It is apparent that the beneficiary subsequently left the U.S. because you married your spouse, Jaswinder Kaur in India on June 12, 1994

On August 21, 1994, you returned to the U.S. via a flight from India and at that time presented a valid Indian passport, Form I-688B (both issued under your current and presumably legal name, Satpal Sachdeva) and a counterfeit Form I-512 (Advance Parole).

You were again served with a Form I-122 and detained for a hearing before an immigration judge.

On January 4, 1995, the Immigration Judge ordered you excluded and deported from the United States. You departed the U.S. pursuant this order on January 19, 1995.

On January 8, 1996, your first child ████████ was born in India to you and Ms. Kaur.

On or about September 1996, you entered the U.S. without inspection, admission or parole through an undisclosed location along the United States – Mexico border.

On September 30, 1998, you divorced Jaswinder Kaur (she initiated the divorce proceedings in India).

On April 5, 2001, you married Maritza Figueroa, a U.S. citizen

On April 19, 2001, Ms. Figueroa filed on your behalf a Form I-130 (Petition for Alien Relative) in order to classify you as an immediate relative of a U.S. citizen.

On September 30, 2002, your second child, ████████ was born in the U.S. to you and Ms. Kaur.

On May 19, 2005, you and Ms. Figueroa divorced in New York.

On February 15, 2011, you remarried Jaswinder Kaur in a civil ceremony in New York.

An applicant adjusting under INA 245(a) must establish that he or she was inspected and admitted or inspected and paroled, and is not barred under INA 245(c). See 8 CFR 245.1(a) and (b). Our records indicate that your last entry to the United states was on or about September 1996 and that you were not admitted, inspected or paroled. Therefore, you are restricted from adjustment of status under INA 245(a).

However, pursuant to INA 245(i) and 8 CFR 245.10, certain applicants who entered or remained in the United States without authorization but for whom an immigrant visa is immediately available may be able to adjust status provided they submit a completed Supplement A to Form I-485 with the proper penalty fee (if required), and:

- Demonstrate that they are the beneficiary of a visa petition or application for labor certification filed after January 14, 1998, and on or before April 30, 2001. And also submit documentation

to establish physical presence in the United States on December 21, 2000. **OR**

- Demonstrate that they are the beneficiary of a visa petition or application for labor certification filed on or before January 14, 1998.

A thorough review of your record reveals that the underlying "grandfathered" petition that you submitted to USCIS as a proof that you qualify to adjust status pursuant to INA 245(i) was not "approvable when filed", a term which is defined by regulations as (1) "properly filed", (2) "meritorious in fact" and (3) "non-frivolous".

As it was previously noted, on April 17, 2001, your former spouse, Maritza Figueroa, filed on your behalf a Form I-130 (Petition for Alien Relative) in order to classify you as an immediate relative of a U.S. citizen. This petition was filed concurrently with a Form I-485. On April 15, 2002, the legacy INS denied your Form I-485 because you failed to appear for a scheduled interview on April 11, 2002.

USCIS notes that at the time Ms. Figueroa filed the above-mentioned Form I-130, she did not submit any evidence of a bona fide marriage with you.

On August 26, 2024, subsequent to the review of your record, USCIS sent you a request for additional evidence wherein you were instructed to submit proof that the "grandfathering " Form I-130 (the petition filed by Maritza Figueroa) was "approvable when filed" which in turn is defined as meritorious in fact and non-frivolous.

On November 4, 2024, you submitted the following evidence in response to this request:

- A copy of redacted Form I-130 filed by Ms. Figueroa
- A copy of marriage certificate and license;
- 14 color photos;
- Joint ConEdison bills covering the period of time from May 2002 to December 2003.

After reviewing this evidence USCIS finds that you did not establish that this "grandfathered" petition, that you submitted to USCIS as the proof that you qualify to adjust status pursuant to INA 245(i), was "approvable when filed".

According to our records you were residing at 140-60 Beech Avenue, Apt 5O,Flushing, NY 11355 as early as April 8, 2002 [1] (this is the date that appears on your request to reschedule the interview with the legacy INS).

This is the same address that appears on your second child's birth certificate. It is evident that during your marriage with Ms. Figueroa, you, Jaswinder Kaur and your children were living together at 140-60 Beech Avenue, Apt 5O, Flushing, NY 11355. It is not credible that the petitioner, Maritza Figueroa, resided in the same apartment together with you, the mother of your children and your children.

As a result, the evidence that you submitted with your RFE was reviewed, however, it is given little documentary value. The 13 photos depict you and Ms. Figueroa. All photos were taken during the wedding ceremony and the subsequent celebratory dinner with two other unknown males, and as such do not reflect the duration of the marriage. One photo depicts a male in a store setting. The relevance of this photo is not known.

Finally, the joint ConEdison bills, which you claim prove that you and Ms. Figueroa were engaged in a bona fide marriage, are for the residence located at 140-60 Beech Avenue, Apt 5O, Flushing, NY 11355, and as it was previously noted, this is the same residence what you shared with Jaswinder Kaur and your children.

Noticeably missing from the submitted evidence is the affidavit from Ms. Figueroa, perhaps the best person to attest to the validity of the marriage. No explanation was given as to why such affidavit was not provided.

USCIS concludes that the submitted evidence is insufficient to establish that you and Mr. Figueroa entered into the marriage for the sole purpose of establishing life together. Accordingly, the "grandfathering" petition (Form I-130) filed by Maritza Figueroa cannot be considered "approvable when filed". See *Matter of Jara Riero and Jara Espinol.*

As it was explained above, "approvable when filed" means that as of the date of filing the immigrant petition, the qualifying petition or application was properly filed, meritorious in fact, and non-frivolous. The record establishes that the petition in question was properly filed by Maritza Figueroa (received by INS prior to the "sunset" date with the appropriate fee and signatures), however USCIS questions that it was "meritorious in fact".

In *Reiro*, BIA held that it is not enough to show merely that a marriage existed in order for a visa petition to be "meritorious in fact". The immigrant visa petition must be based on "a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties".

Therefore, you are not qualified to adjust status. See INA 245(i) and 8 CFR 245.10(a).

Furthermore, our records establish that you previously used different identities and entered the U.S. using fraudulent travel document.

An applicant for adjustment of status under INA 245(a) must establish that he or she is not subject to the INA 212(a)(6)(C)(i) inadmissibility ground relating to fraud and willful misrepresentation. Therefore, you are inadmissible to the United States. A waiver is available for this inadmissibility ground. See INA 212(a)(6)(C)(iii) and 212(i). You applied for a waiver of this inadmissibility ground on a Form I-601, Application for Waiver of Grounds of Inadmissibility, with receipt number MSC2590112020. However, we denied your Form I-601 in a decision dated February 3, 2025. Thus, you are not qualified to adjust status. See INA 212(a)(6)(C)(i) and INA 245(a)(2).

You have not established that you are eligible for adjustment under section 245 of the Immigration and Naturalization Act (INA). Therefore, we must deny your Form I-485.

Furthermore, the granting of adjustment of status to that of a lawful permanent resident is a discretionary benefit. See INA 245(a). Mere eligibility is not the only factor considered in adjustment of status. Adverse factors may preclude a favorable exercise of discretion by USCIS. An applicant must demonstrate eligibility for adjustment of status as a matter of law and in the exercise of discretion. Generally, favorable factors such as family ties, hardship, and length of residence in the United States can be considered in the favorable exercise of administrative discretion.

In your case, USCIS has determined that you are not eligible for adjustment of status as explained above. However, even assuming that you had established that you are eligible for adjustment, USCIS has also determined that your case presents significant adverse factors that show discretion should not be exercised in your favor.

USCIS notes that your case presents positive factors such as employment and immediate family in the U.S. However, not only these positive factors were acquired after you were deported and excluded but they also do not outweigh a significant number of serious adverse factors which show that discretion should not be exercised in your favor. These factors include continued disregard of the laws of the United States, and your history of fraud and willful misrepresentation, which is documented in this decision.

After careful review of all the facts, USCIS has determined that the favorable factors such as your



family ties do not warrant a favorable exercise of discretion in light of the extremely serious adverse factors. Thus, you have not met the burden of demonstrating to USCIS that you warrant a favorable exercise of discretion.

You have not established that you are eligible for adjustment under section 245 of the Immigration and Naturalization Act (INA). Therefore, we must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law.

You are not authorized to remain in the United States. If you do not intend to file a motion on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in Title 8 Code of Federal Regulations (8 CFR), section 103.5(a). You must file Form I-290B within 30 days of the date of this decision if the decision was served in person, or within 33 days if the decision was served by mailed. See Title 8 Code of Federal Regulations (8 CFR), sections 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.



To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Brian J. Meier
Field Office Director
**Endnotes**

1. *It is apparent that you started residing at this address as early as October 20, 1994, because you listed "140-60 Beech Avenue, Flushing, NY 11355" as your residential address on the Form I-589).*