Case 2:26-cv-00276-GRB     Document 13-9     Filed 03/04/26     Page 1 of 2 PageID #: 318



# U.S. Department of Justice

## Immigration and Naturalization SERVICE

Elizabeth Detention Facility
625 Evans Street
Elizabeth, NJ 07201

November 21, 1994

Mr. Khagendra Gharti Chhetry
363 7th Avenue, Suite 1700
New York, NY 10001

### RE: Satpal SINGH
### A72 159 036

Dear Sir/Madam:

Reference is made to your letter Dated November 14, 1994  requesting the release your client **Satpal SINGH** pending the decision of the Immigration Judge in his exclusion proceedings.

A review of our records reflect that your client arrived in the United States on August 21, 1994  at John F. Kennedy International Airport from New Delhi, India aboard Tower Air flight 067. Upon arrival in the United States, your client applied for admission with an Advance Parole authorization (I-512), Indian passport, and employment authorization card (I-688B). During the inspectional process the Advance parole which your client presented was determined to be counterfeit. Therefore your client was processed and served with a Notice to Applicant for Admission Detained for Hearing.

Section 235(b) of the Immigration and Nationality Act directs that any alien who appears to the inspecting officer to be **inadmissible**, and who arrives without documents (except an alien for whom documentary requirements are waived under Section 211.1(b)(3) or Section 212.1 of this chapter) or who arrives with documentation which appears on its face to be **false**, altered, or to relate to another person, or who arrives at a place other than a designated port of entry, shall be detained in accordance with section 235(b) of the Act. Parole of such aliens shall only be considered in accordance with Section 212.5(a).

Section 212.5 of the Immigration and Nationality Act directs (a) in determining whether or not aliens who have  been or are detained in accordance with Section 235.3 (b)(c) will be paroled out of detention, the district director should consider the following:

1) The parole of aliens who have serious medical conditions in which continued detention would ,not be appropriate would generally be justified due by "emergent reasons";
2) The parole of aliens within the **following groups** would generally come within the category of aliens for whom the granting of the parole exception would be **"strictly in the public interest"**, provided that the aliens present neither a security risk nor a risk of absconding:

> (i)      Women who have been medically certified as pregnant;
> (ii)     Aliens who are defined as juveniles in 8 CFR 242.24 (b).
> (iii) Aliens who have close family relatives in the United States (parent spouse, children, or siblings who are United States citizens or lawful permanent resident aliens) who are eligible to file, and have filed, a visa petition on behalf of the detainee;
> (iv)     Aliens who will be witnesses in proceedings being, or to be, conducted by Judaical, administrative, or legislative bodies of the United States;
> (v)      Aliens whose continued detention is not in the public interest as determined by the district director.

The legislative history of th███████role provision shows that it is the congres███████intent that parole be used in a restrictive manner. Since the statutory rule is one of detention, and the use of parole authority is an exception to that rule, it is Service policy that such authority be carefully and narrowly exercised to be in conformity with the statutory purpose and the legislative intent. For the reasons set forth in your parole request, the release of your client is not deemed to be in the public interest.

This matter has been carefully and thoroughly reviewed. Considering the manner in which your client sought entry into the United States I do not find emergent factors to warrant release of your client. Therefore, your request is denied.

Sincerely,

Warren A. Lewis
District Director