February 3, 2025



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
31-00 47th Avenue
5th Floor Room 5094
Long Island City, NY 11101



**U.S. Citizenship
and Immigration
Services**

DALBIR SINGH
DALBIR SINGH AND ASSOCIATES PC
40 WALL STREET FLR 25
NEW YORK, NY 10005

MSC2590112020



RE: SATPAL SACHDEVA
I-601, Application for Waiver of Grounds of
Inadmissibility

A072-159-036

## DECISION

DearSATPAL SACHDEVA:

On November 5, 2024, you submitted Form I-601, Application for Waiver of Grounds of
Inadmissibility, with U.S. Citizenship and Immigration Services (USCIS) in conjunction with your
Form I-485, Application to Register Permanent Residence or Adjust Status, that you filed on
November 25, 2024.

After reviewing your request, we have determined that we will not grant your waiver.

### PROCEDURAL HISTORY

On November 5, 2024, you filed Form I-601, Application for Waiver of Grounds of Inadmissibility in
conjunction with your Form I-485, Application to Register Permanent Residence or Adjust Status,
seeking to have your immigration status adjusted to that of an alien lawfully admitted for permanent
residence pursuant to Section 245 of the Immigration and Nationality Act (INA). You filed your
application as beneficiary of family based petition. You applied for a waiver under Section 212(i) of
the Immigration and Nationality Act, as amended.

USCIS records show that you are a national and citizen of India. On the Form I-601 you indicated that
you are inadmissible under Section 212(a)(6)(C)(i) of the Immigration and Nationality Act, due to
fraud/willful misrepresentation of a material fact. USCIS records indicate that you previously used
different identities and entered the U.S. using a fraudulent travel document.

### APPLICABLE LAW AND DISCUSSION

INA § 245(a)
(a) The status of an alien who was inspected and admitted or paroled into the United States may be
adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to
that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for
such adjustment,
(2) the alien is eligible to receive an immigrant visa and is admissible to the United States for
permanent residence and(3) an immigrant visa is immediately available to him at the time his
application is filed.

INA § 212(a)(6)(C)(i)

Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible.

INA § 212(i)
The Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien or, in the case of a VAWA self-petitioner, the alien demonstrates extreme hardship to the alien or the alien's United States citizen, lawful permanent resident, or qualified alien parent or child.

The definition of extreme hardship "is not ... fixed and inflexible, and the elements to establish extreme hardship are dependent upon the facts and circumstances of each case." See *Matter of Cervantes-Gonzalez*, 22 I&N Dec. 560, 565 (BIA 1999) (citation omitted). Extreme hardship exists "only in cases of great actual or prospective injury." See *Matter of Ngai*, 19 I&N Dec. 245, 246 (BIA 1984). An applicant must demonstrate that claimed hardship is realistic and foreseeable. Id.; see also *Matter of Shaughnessy*, 12 I&N Dec. 810, 813 (BIA 1968) (finding that the respondent had not demonstrated extreme hardship where there was "no showing of either present hardship or any hardship ... in the foreseeable future to the respondent's parents by reason of their alleged physical defects"). The common consequences of removal or refusal of admission, which include "economic detriment ... [,] loss of current employment, the inability to maintain one's present standard of living or to pursue a chosen profession, separation from a family member, [and] cultural readjustment," are insufficient to constitute extreme hardship. *Matter of Pilch*, 21 I&N Dec. 627 (BIA 1996) (citations omitted); but see Matter of Kao and Lin, 23 I&N Dec. 45, 51 (BIA 2001) (distinguishing *Matter of Pilch* on the basis of variations in the length of residence in the United States and the ability to speak the language of the country to which the qualifying relatives would relocate). Nevertheless, all "[r]elevant factors, though not extreme in themselves, must be considered in the aggregate in determining whether extreme hardship exists." *Matter of Ige*, 20 I&N Dec. 880, 882 (BIA 1994) (citations omitted). Hardship to the Applicant or others can be considered only insofar as it results in hardship to a qualifying relative. See *Matter of Gonzalez Recinas*, 23 I&N Dec. 467, 471 (BIA 2002).

Finally, a showing of extreme hardship simply permits, but does not require the granting of a waiver. *Cervantes-Gonzalez*, 22 I&N Dec. at 566. "[E]stablishing extreme hardship does not create any entitlement to relief." Id. Once extreme hardship is established, "it is but one favorable discretionary factor to be considered." Id. Thus, even if extreme hardship is established, the waiver may still be denied, as a matter of discretion. Id.

You filed your waiver application based on the hardship that the refusal of your admission would constitute to your spouse, who is a naturalized U.S. citizen.

With the waiver you submitted your affidavit, affidavit from your spouse, and your spouse's medical documentation.

In her affidavit, your spouse stated in sum and substance that she suffers from sciatica pain with spinal stenosis and that when she experiences pain, you take care of her "so much" that she can attend her medical appointments while you "maintain the business operations." She further stated that your absence would not only take away your role as her life partner but also as the partner in business too. She stated that every time she thinks about the possibility of you not being able to remain with her, she has trouble focusing on her daily tasks, unable to sleep at night and her health ailment persists and exasperates more.

Unfortunately, your spouse's personal statement did not adequately or effectively demonstrate what

extreme hardship he would suffer should you be removed from the U.S.

A review of the letter issued by your wife's doctor revealed that she suffers from vitamin D deficiency, vitamin B12 deficiency, seasonal allergies, sciatica with spinal stenosis, is overweight and that she is being taken care by you. The doctor noticeably failed to provide any statement detailing your spouse's prognosis or how exactly her condition requires your physical presence in the U.S.

The remainder of your wife's medical documentation is raw medical data and USCIS is not equipped to analyze it in determination whether your absence would cause extreme hardship on your spouse.

USCIS notes that neither you nor your spouse addressed the role of your two adult children in helping their mother with medical appointments and focusing on daily tasks.

USCIS additionally notes that despite your spouse's reported medical conditions that require your presence in the U.S., she has been employed as a beautician at Unique Beauty Salon since 2013 and reportedly helps you manage your business. While this employment does not lessen the fact that your spouse may be suffering a medical condition, it does demonstrate her ability to function at a level well beyond that of an individual with reported medical condition.

Although USCIS recognizes that your spouse may endure some hardship as a result of separation from you, her situation, if he stays in the U.S., is similar to individuals separated from their relatives as a result of removal and does not rise to the level of extreme hardship.

USCIS finds that you have failed to establish that your qualifying relative would experience extreme hardship as the result of the refusal of your admission. It is the determination that your application for a waiver under Section 212(i) of the Immigration and Nationality Act is hereby denied as matter of law.

Additionally, please be advised that the approval or denial of Form I-601 is also considered as a matter of discretion.

An applicant must demonstrate eligibility as a matter of law and in the exercise of discretion. Generally, favorable factors such as family ties, hardship, and length of residence in the United States can be considered in the favorable exercise of administrative discretion.

Mere eligibility is not the only factor considered in adjustment of status. Adverse factors may preclude a favorable exercise of discretion by USCIS. An applicant must demonstrate eligibility for adjustment of status as a matter of law and in the exercise of discretion. Generally, favorable factors such as family ties, hardship, and length of residence in the United States can be considered in the favorable exercise of administrative discretion.

In your case, USCIS has determined that you are not eligible for adjustment of status because you are inadmissible under INA 212(a)(6)(C)(i) and because your case does not warrant a favorable exercise of discretion. For details see our decision on the Form I-485 dated February 3, 2025. However, even assuming that you had established that you are eligible for adjustment, USCIS has also determined that your case presents significant adverse factors that show discretion should not be exercised in your favor.

USCIS notes that your case presents positive factors such as employment and immediate family in the U.S. However, not only these positive factors were acquired after you were deported and excluded but they also do not outweigh a significant number of serious adverse factors which show that discretion should not be exercised in your favor. These factors include disregard of the laws of the United States, and your history of fraud and willful misrepresentation, which is documented in this decision.

After careful review of all the facts, USCIS has determined that the favorable factors such as your family ties do not warrant a favorable exercise of discretion in light of the extremely serious adverse

factors. Thus, you have not met the burden of demonstrating to USCIS that you warrant a favorable exercise of discretion.

After careful review of all the facts, USCIS has determined that the positive factors do not warrant a favorable exercise of discretion in light of the adverse factors. Thus, you have not met the burden of demonstrating to USCIS that you warrant a favorable exercise of discretion. Therefore, USCIS denies your Form I-601 as a matter of law and discretion.

After careful review of all the facts, USCIS has determined that the positive factors do not warrant a favorable exercise of discretion in light of the adverse factors. Thus, you have not met the burden of demonstrating to USCIS that you warrant a favorable exercise of discretion. Therefore, USCIS denies your Form I-601 as a matter of law and discretion.

If you disagree with our decision, you may file an appeal with the Administrative Appeals Office ("AAO") using Form I-290B, Notice of Appeal or Motion, within 33 days from the date of this letter. If you do not file an appeal, our decision will be final. This decision does not prevent you from filing new applications or petitions in the future.

You cannot appeal this decision.

Sincerely,

Brian J. Meier
Field Office Director